*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1600**

The Janine M. Hirt Trust,
Appellant,

vs.

Neils, Franz, Chirhart, Hultgren & Evenson, P.A., et al.,
Respondents.

**Filed April 13, 2015
Affirmed
Harten, Judge***

Stearns County District Court
File No. 73-CV-13-2457

Erik F. Hansen, Carl G. Peterson, Burns & Hansen, P.A., Minneapolis, Minnesota (for appellant)

Patrick J. Sauter, Jeffrey R. Mulder, Bassford Remele, P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Harten, Judge.

**UNPUBLISHED OPINION**

**HARTEN**, Judge

Appellant, a trust, challenges the district court's (1) denial of its motion to amend its complaint against respondents, an attorney and a law firm, to bring an additional claim, and

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

(2) dismissal of its only remaining claim against respondents. Because we agree with the district court that appellant is collaterally estopped from asserting an attorney-client relationship with respondents and that the claim appellant wanted to bring would not have survived summary judgment, we affirm.

## FACTS

Janine Hirt of Avon, Minnesota, was the mother of three sons, Michael, Robert, and Jon-Paul. In 1999, she created appellant The Janine M. Hirt Trust (the trust); she named herself as trustee, Michael as successor trustee at her death, and Jon-Paul as successor trustee if Michael was unwilling or unable to serve.

In 2008, Robert moved Janine to his home in Birmingham, Alabama. Janine Hirt died there in 2009. Before her death, the trust had been amended to name Robert and Jon-Paul as successor co-trustees at her death.

In November 2009, Michael and Jon-Paul brought an action against the trust and Robert, alleging that Janine lacked testamentary capacity when the trust was amended; the action also asserted claims of undue influence, unjust enrichment, and breach of fiduciary duty against Robert (the conversion action). Robert retained respondents, attorney Neil Franz and his law firm, Neils, Franz, Chirhart, Hultgren & Evenson, P.A. (NFCHE), to represent him.

In August 2011, NFCHE brought an action against the trust, alleging unpaid attorney fees in the amount of $62,559.62 and asserting claims for breach of contract and unjust enrichment (the attorney-fee action). After the trust moved to dismiss the action on the

2

ground that NFCHE failed to join Robert as a necessary party, NFCHE added Robert as a defendant.

In April 2012, the conversion action was resolved when the district court ordered judgment in the amount $115,748.29 for Michael and Jon-Paul against Robert, having concluded that: (1) Michael, Robert, and Jon-Paul were each entitled to $177,295.76 from their mother's estate; (2) Robert improperly disposed of $293,044.05 from the trust; and (3) this amount was $115,748.29 more than the amount to which he was entitled.

In May 2012, the trust moved for summary judgment in the attorney-fee action on the ground that it was never a client of NFCHE, which represented only Robert. The district court granted the motion, later explaining in a memorandum that, because the trust had neither an express nor an implied contract with NFCHE and did not knowingly receive legal services from NFCHE, there was no attorney-client relationship between the trust and NFCHE. The trust did not appeal this ruling.

In March 2013, the trust brought the instant action against NFCHE and attorney Franz, alleging conflict of interest because NFCHE represented both Robert as trustee and the trust itself and claiming breach of fiduciary duty, negligence, and unjust enrichment.[1] NFCHE moved to dismiss the action. The district court granted the motion as to the claims of breach of fiduciary duty and negligence on the ground of collateral estoppel, concluding that both claims were based on a purported attorney-client relationship between the trust and

---

[1]The trust had previously attempted to assert a legal-malpractice claim against NFCHE in the attorney-fee action. The district court denied the trust's motion to amend to add the claim on the ground that the attorney-fee action was a summary proceeding that "could not adequately support the litigation of the legal malpractice claim," which the trust could raise in a separate action.

NFCHE, whereas the summary judgment in the attorney-fee action established that no such relationship existed. The district court also concluded that the claims were barred by Minn. R. Civ. P. 12.02(e) (restricting litigation to claims on which relief can be granted). Thus, only the trust's unjust-enrichment claim against NFCHE remained.

In March 2014, the trust moved to amend its pleadings to assert a claim of "Wrongfully Thrust Into Litigation," alleging that: (1) attorney Franz stated that he represented the trust; (2) he made the statements either knowing that they were false or without knowing whether they were true or false; (3) he made the statements to induce NFCHE to rely on them and bring its attorney-fee action against the trust instead of against Robert; (4) NFCHE did rely on the statements and brought its attorney-fee action against the trust instead of against Robert; (5) the trust was therefore wrongfully thrust into litigation against NFCHE; and (6) the trust, having prevailed in that litigation, is now entitled to the fees, costs, and disbursements it expended.

The district court denied the trust's motion to amend and dismissed its remaining unjust-enrichment claim against NFCHE with prejudice and without costs, disbursements, or attorney fees to either party.

The trust challenges the dismissal of the negligence and breach of fiduciary duty claims, arguing that it was not collaterally estopped from asserting them, and the denial of its motion to amend, arguing that the district court abused its discretion in concluding that its wrongfully-thrust-into-litigation claim would not survive summary judgment.

4

## 1.    Collateral Estoppel

Whether collateral estoppel applies in a case presents a mixed question of law and fact, which this court reviews de novo. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004).

In granting summary judgment for the trust and against NFCHE in the attorney-fee action, the district court agreed with the trust that it had no attorney-client relationship with NFCHE and was therefore not liable for NFCHE's attorney fees in the conversion action. The district court found that there was no express contract between them because the only retainer agreement "explicitly describes the client as Robert 'in his capacity as a trustee.'" The district court also found there was no implied contract between the trust and NFCHE because Robert "could not effectively hire counsel on behalf of the trust without Jon-Paul," who was also a trustee. This finding is correct: Jon-Paul, a plaintiff in the conversion action, could not have joined Robert in hiring counsel for the defense. As the district court concluded in the attorney-fee action, "[NFCHE] could not reasonably rely on the representation or conduct of Robert to conclude that it had an attorney-client relationship with the [t]rust."

Having made this determination in the attorney-fee action, the district court concluded that the trust was collaterally estopped from relitigating whether it had an attorney-client relationship with NFCHE because this was "the same issue . . . as it was in the [attorney-fee c]ase," there was "a final adjudication of the issue on the merits in [that] case," "[t]he trust was a party in [that] [c]ase and had a fair and full opportunity to be heard

5

on the issue" and "[t]his [c]ourt's [j]udgment in [that] [c]ase required the conclusion of law that Robert Hirt, acting without his co-trustee, could not establish an attorney-client relationship with [NFCHE] on behalf of the [t]rust." *See Ellis v. Minneapolis Comm'n on Civil Rights*, 319 N.W.2d 702, 704 (Minn. 1982) (listing criteria of collateral estoppel as: (1) the issue is identical to an issue in a prior adjudication; (2) a final judgment on the merits; (3) the estopped party was party, or in privity with a party, to the prior litigation; and (4) the estopped party had a full and fair opportunity to be heard on the issue).

The trust now argues that it did not have a full and fair opportunity to be heard because the parties did not litigate the issue and the district court resolved it sua sponte. But the trust's memorandum of law supporting its successful motion for summary judgment in the attorney-fee action demonstrates that the trust did argue the issue. The memorandum states in relevant part:

> The retainer [agreement with NFCHE] identified "**Robert A. Hirt**, in his capacity as trustee of the Janine Hirt Trust" as the client [and] . . . further stated . . . "We [NFCHE] are representing you, in your capacity of a trustee of the Janine Hirt Trust only in this matter [i.e., the conversion action]." . . . Nowhere in the retainer agreement does it state that [NFCHE] was representing The Janine M. Hirt Trust in the conversion case.
> . . . .
> During the course of the conversion litigation, Robert Hirt accrued an unpaid bill of $62,559.62 with [NFCHE].
> . . . .
> During discovery, [NFCHE] produced its retainer agreement which demonstrated that, in fact, a contract existed only between [NFCHE] and Robert Hirt. Furthermore, based upon the billing records produced by [NFCHE], there was no effort made to separate charges for services between Robert Hirt and the Janine M. Hirt Trust.
> . . . .

6

> *1.    There is [n]o [c]ontract between [NFCHE] and the [t]rust.*
>
> *. . . .*
>
> *2.    Robert Hirt Lacked the Power to Bind the Trust.*
>
> *. . . .*
>
> . . . Robert Hirt could not retain [NFCHE] to defend the [t]rust while having [NFCHE] represent him as well.  Robert Hirt lacked the authority to contract such an arrangement as it was not within his powers as a trustee and [NFCHE] could not accept such a representation as it constituted an unwa[i]veable conflict of interest.

These statements show that the trust argued against the existence of an attorney-client relationship between itself and NFCHE.  The trust's arguments support the district court's conclusions that "[T]here is no genuine issue of fact as to whether an express contract existed between [NFCHE] and the [t]rust. It is clear that there was none" and that "Robert was incapable of independently binding the [t]rust in an implied contract with [NFCHE]." The conclusions were not reached sua sponte; the trust had argued both points.  The district court correctly concluded that, in this action, the trust is collaterally estopped from arguing that it was NFCHE's client. Because the trust is not entitled to bring claims of breach of fiduciary duty and negligence against NFCHE, the district court correctly dismissed those claims.

On appeal, the trust argues that, even if it is collaterally estopped from arguing that a contract established an attorney-client relationship between NFCHE and itself, it may still argue that an attorney-client relationship was established because NFCHE provided legal advice to the trust.  *See Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 693 n.4 (Minn. 1980) (holding that an attorney-client relationship was established if an attorney law firm "rendered legal advice . . . under circumstances which made it reasonably foreseeable

7

to the attorney that if such advice was rendered negligently, the individual receiving the advice might be injured thereby").

The trust relies on *In re Perry*, 494 N.W.2d 290 (Minn. 1992), to argue that it was NFCHE's client because NFCHE had appeared in court on behalf of the trust. But the trust misreads *Perry* in citing it for the proposition that "appearing in court on behalf of a party is sufficient to create an attorney-client relationship." *Perry*, a legal-malpractice case, concerned an attorney who was co-trustee of his mother's trust fund, from which he misappropriated funds. *Id.* at 292. The attorney argued that he had no attorney-client relationship with his mother but was merely acting as her son, so no violation of the Rules of Professional Responsibility had occurred. *Id.* at 294. *Perry* found that "what [the attorney] did in drafting these documents and appearing in court claiming to represent the trust amounted to legal advice" and concluded that he had an attorney-client relationship with his mother because she had sought and he had given legal advice in circumstances in which she, as a reasonable person, relied on the advice. *Id.* at 295. *Perry* is distinguishable: here, the trust could act only through its two trustees, and it is undisputed that one of those trustees did not and could not have sought, received, or relied on legal advice from NFCHE to defend the trust in a conversion action brought by the trustee.

Collateral estoppel was properly applied to preclude the trust from asserting that it had an attorney-client relationship with NFCHE.

**2.      Denial of the Motion to Amend**

"Generally, the decision to permit or deny amendments to pleadings is within the discretion of the district court and will not be reversed absent a clear abuse of discretion."

8

*Johns v. Harborage I, Ltd.*, 664 N.W.2d 291, 295 (Minn. 2003). But "the court does not abuse its discretion when it disallows an amendment where the proposed amended claim could not survive summary judgment." *Johnson v. Paynesville Farmers Union Coop. Oil Co.*, 817 N.W.2d 693, 714 (Minn. 2012).

Minnesota recognizes a "Wrongfully Thrust Into Litigation" claim. *See, e.g.*, *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356 (Minn. 1998). In that case, an employee subject to a noncompete agreement resigned and told his former employer (FE) that he had accepted a job offer from a new employer (NE) who was a competitor. *Id*. at 357. FE told the employee that he would be breaching his noncompete agreement if he went to work for NE. *Id*. NE and the employee then brought an action against FE, seeking a declaration that the noncompete agreement was unenforceable. *Id*. FE counterclaimed against the employee for breach of contract and against NE for tortious interference with the noncompete agreement. *Id.* The district court concluded that the noncompete agreement was valid, enjoined the employee from working for NE for one year, and found that NE had tortiously interfered with the employee's employment at FE and was liable for the attorney fees and other expenses FE had incurred in litigation. *Id.* at 357-58. This court affirmed the injunction but reversed the decision that NE had tortiously interfered with the noncompete agreement. *Id.* at 358. The supreme court reversed, "concluding that [NE] tortiously interfered with [FE's] employment agreements with [the employee and] . . . hold[ing] that the district court's damages award was proper." *Id*.

In its motion to amend its malpractice action by adding a wrongfully-thrust-into-litigation claim, the trust argued that it was entitled to litigation costs in the attorney-fee

9

action because (1) Franz misrepresented to NFCHE that the trust was NFCHE's client and (2) Franz and NFCHE relied on that misrepresentation to bring their action against the trust instead of against Robert. But Franz and NFCHE were effectively one entity. *See Barstad v. Murray Cnty.*, 420 F.3d 880, 887 (8th Cir. 2005) ("[A] corporation and its agents are a single person in the eyes of the law."); *Sussel Co. v. First Fed. Sav. & Loan Ass'n*, 307 Minn. 199, 201, 238 N.W.2d 625, 627 (1976) (noting the "general rule" that knowledge of agent is imputed to principal). The district court observed that: (1) attorney Franz could not have misrepresented to himself that the trust was a client of NFCHE "in order to induce himself to pursue [the attorney-fee] litigation" against the trust; (2) "Attorney Franz was the CEO of NFCHE and served as its only counsel of record in the [attorney-fee c]ase"; and (3) the trust's proposed wrongfully-thrust-into-litigation claim "could not survive summary judgment because there are no alleged facts separating the knowledge or actions of Attorney Franz from those of NFCHE." The trust has made no showing either that Franz was acting independently of NFCHE or for his own rather than its advantage at any point in these proceedings, or that the trust itself relied on any misrepresentation made by Franz or NFCHE.

The district court properly concluded that the trust's wrongfully-thrust-into-litigation claim would not survive summary judgment and denied its motion to amend.

**Affirmed.**